**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

       Plaintiff,

-against-

**NUTRA PHARMA CORPORATION, ERIK DEITSCH a/k/a RIK DEITSCH, and SEAN PETER McMANUS,**

       Defendants.

18 Civ. 05459 (JS) (ST)

---

## JOINT PRE-TRIAL ORDER

Having conferred amongst themselves and with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, and pursuant to the Court's text Order entered on January 3, 2023, and Rule VI(A) of the Court's Individual Rules and Practices, the parties adopt the following statements, directions, and agreements as the Joint Pre-Trial Order in this case:

### I. FULL CAPTION OF THE ACTION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

       Plaintiff,

-against-

**NUTRA PHARMA CORPORATION, ERIK DEITSCH a/k/a RIK DEITSCH, and SEAN PETER McMANUS,**

       Defendants.

18 Civ. 05459 (JS) (ST)

**II.     TRIAL COUNSEL**

The names, addresses, and telephone and fax numbers of trial counsel are as follows:

A.  <u>Plaintiff Securities and Exchange Commission ("Plaintiff" or the "Commission")</u>

Karolina Klyuchnikova
Daniel Loss
Lindsay S. Moilanen
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-1100
KlyuchnikovaKa@sec.gov
LossD@sec.gov
MoilanenL@sec.gov

B.  <u>Defendant Erik Deitsch ("Deitsch")</u>

Carl F. Schoeppl
SCHOEPPL LAW, P.A.
4651 North Federal Highway
Boca Raton, FL 33431-5133
Tel: (561) 394-8301
Fax: (561) 394-3121
Carl@schoeppllaw.com

C.  <u>Defendant Nutra Pharma Corporation ("Nutra Pharma")</u>

Daniel DeSouza
DESOUZA LAW, P.A.
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
(954) 603-1340
DDesouza@desouzalaw.com

D.  <u>Defendant Sean McManus ("McManus")</u>

320 Via Villagio
Hypoluxo, FL 33462
(866) 506-2274
SMcManus@patriotsettlement.com

*Pro se*

**III.      STATEMENT AS TO SUBJECT MATTER JURISDICTION**

The Court has subject matter jurisdiction over this Commission enforcement action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)] and Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa].  Defendants do not object to this Court having subject matter jurisdiction over this action.

**IV.      SUMMARY OF CLAIMS AND DEFENSES**

   A.      Plaintiff's Summary of Claims

The Commission intends to try all its remaining claims—all claims other than those on which the Court granted the Commission summary judgment in its Memorandum & Order dated August 31, 2022 (Dkt. No. 76, "Summary Judgment Order").  The claims to be tried are Claims 1 through 6 and 11 through 14 of the Second Amended Complaint (Dkt. No. 49), as described in more detail below.

   1.      Claims 1, 2, 11 and 12:  Securities Fraud Claims

Claim 1 alleges that all Defendants violated Securities Act Section 17(a) [15 U.S.C. § 77q(a)].  Claim 2 alleges that all Defendants violated Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].  Claim 11 alleges that Deitsch aided and abetted Nutra Pharma's violations of Securities Act Section 17(a), pursuant to Securities Act Section 15(b) [15 U.S.C. § 77o(b)].  And Claim 12 alleges that Deitsch aided and abetted Nutra Pharma's violations of Exchange Act Section 10(b) and Rule 10b-5 thereunder, pursuant to Exchange Act Section 20(e) [15 U.S.C. § 78t(e)].

With respect to Claims 1 and 2 against Nutra Pharma and Claims 1, 2, 11, and 12 against Deitsch, the Commission intends to prove at trial that, in 2015, Nutra Pharma raised over $750,000 by issuing millions of shares of its stock to investors in a private placement stock offering and that, before and during the offering, Nutra Pharma and Deitsch knowingly or recklessly issued or disseminated three materially false or misleading press releases.  With respect to Claims 1 and 2

3

against McManus, the Commission intends to prove at trial that McManus also knowingly or recklessly made materially false or misleading statements to investors in connection with the 2015 private stock offering.

        2.      Claim 3:  Market Manipulation

Claim 3 alleges that Deitsch violated Exchange Act Section 9(a)(2) [15 U.S.C. § 78i(a)(2)] by manipulating Nutra Pharma's stock price.  The Commission intends to prove at trial that Deitsch repeatedly made small purchases of Nutra Pharma stock during 2015 with the intent to support or raise Nutra Pharma's stock price.

        3.      Claims 4, 5, and 13:
                  Violations Based on False Periodic Reports or Certifications

Claim 4 alleges that Nutra Pharma violated Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Rule 13a-13 [17 C.F.R. § 240.13a-13] by filing one or more periodic reports with the Commission that were not factually accurate.  Claim 5 alleges that Deitsch violated Section 13(a) [15 U.S.C. § 78m(a)] and Rule 13a-14 [17 C.F.R. § 240.13a-14] by falsely certifying the accuracy of one or more periodic reports filed with the Commission when he knew the report or reports contained material falsities or omissions.  And Claim 13 alleges that Deitsch aided and abetted Nutra Pharma's violations of Exchange Act Section 13(a) and Rule 13a-13, pursuant to Exchange Act Section 20(e) [15 U.S.C. § 78t(e)].  These three claims involve a subset of the false or misleading press releases described above in Section IV.A.1, which were reiterated in certain of Nutra Pharma's periodic filings with the Commission.

        4.      Claim 6:  Unregistered Broker

Claim 6 alleges that McManus violated Exchange Act Section 15(a) [15 U.S.C. § 78o(a)] by acting as a broker without being registered with the Commission as a broker-dealer.  The Commission intends to prove at trial that McManus acted as a broker in connection at least with Nutra Pharma's 2015 stock offering.

4

5.      Claim 14:  Aiding and Abetting Certain Reporting Violations

Claim 14 alleges that Deitsch aided and abetted Nutra Pharma's violations of Section 13(a) [15 U.S.C. § 78m(a)] and Rule 13a-11 [17 C.F.R. § 240.13a-11].  The Court's Summary Judgment Order held that Nutra Pharma undisputedly violated these provisions by failing "to file Forms 8-K concerning unregistered stock sales from the 2015 Offering that represented 5% or more of the company's last-reported number of outstanding shares." (Summary Judgment Order at 32–33.)  The Commission intends to prove at trial that Deitsch knowingly or recklessly provided substantial assistance to Nutra Pharma's failure to file such Forms 8-K.

B.      Defendant Deitsch's Summary of Defenses/Avoidances

The Commission alleges that Mr. Deitsch violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10(b)(5).  Mr. Deitsch intends to contest this claim as the Nutra Pharma press releases, when considered in the context of the total mix of information available to investors, did not contain any material misrepresentations or fail to reveal any material information.  All investors in Nutra Pharma's stock were fully aware of the risks of investing in Nutra Pharma shares, since those risks were repeatedly disclosed in its press releases, annual reports and other filings with the SEC.

Furthermore, Mr. Deitsch contends that the Commission cannot demonstrate that he acted with the requisite scienter or mental state that is necessary under the circumstances, for him to be held liable.  Despite allegations that Mr. Deitsch issued false press releases and manipulated the price of Nutra Pharma's stock, there is no evidence that he acted with any intent to defraud anyone.  Unlike SEC actions brought to redress "pump and dump" schemes, Mr. Deitsch never sold any of his Nutra Pharma shares.  As Nutra Pharma's CEO, Mr. Deitsch was entitled to be enthusiastic about its prospects and optimistic about its plans for the future.

Mr. Deitsch also disputes that he engaged in manipulative trading of Nutra Pharma shares in violation of Sections 9(a)(2) and 10(b) of the Exchange Act and Rule 10b-5 thereunder, because the *de minimis* trades at issue were not effected with any intent to induce the purchase or sale of Nutra Pharma shares.

Finally, Mr. Deitsch intends to contest the Commission's claim of aiding and abetting Nutra Pharma's violation of Section 13(a), as Mr. Deitsch had no knowledge that Nutra Pharma's sales of unregistered stock exceeded the 5% reporting threshold and would therefore trigger the company's obligation to file a Form 8-K disclosing the sales.

  C. <u>Defendant Nutra Pharma's Summary of Defenses/Avoidances</u>

The Commission alleges that Nutra Pharma violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10(b)(5). Nutra Pharma intends to contest this claim as the Company's press releases, when considered in the context of the total mix of information available to investors, did not contain any material misrepresentations or fail to reveal any material information. All investors in Nutra Pharma's stock were fully aware of the risks of investing in Nutra Pharma shares, since those risks were repeatedly disclosed in its press releases, annual reports and other filings with the SEC.

The Commission also alleges that Nutra Pharma violated Section 13(a) and Rule 13a-13 of the Exchange Act. The Commission's claim is based on two Nutra Pharma 10-Qs that repeat or incorporate certain press releases the Commission alleges were not factually accurate. Nutra Pharma intends to contest this claim, as the Company's press releases that were incorporated into its filings, when considered in the context of the total mix of information available to investors, did not contain any material misrepresentations or fail to reveal any material information. Additionally, all investors in Nutra Pharma's stock were fully aware of the risks of investing in Nutra Pharma shares,

6

since those risks were repeatedly disclosed in its press releases, annual reports and other filings with the SEC.

        D.      <u>Defendant McManus's Summary of Defenses</u>

Defendant McManus has declined to submit any information regarding a summary of his defenses for the Joint Pre-Trial Order.

**V.     TRIAL BY JURY AND TRIAL DURATION**

The parties agree that this case is to be tried to a jury. The parties anticipate that trial will take approximately ten to fifteen trial days.

**VI.    TRIAL BEFORE A MAGISTRATE JUDGE**

The parties have not consented to trial by a magistrate judge.

**VII.   STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW**

At this time, the stipulations and/or agreed statements of fact or law to which all parties have agreed are as follows:

        1.      Stipulation as to Certain Factual Matters, attached hereto was Exhibit 1.[1]

        2.      Stipulation as to the Authenticity and Business Record Status of Certain Documents Produced in this Litigation, attached hereto as Exhibit 2.

        3.      Stipulation as to Deposition Transcript Errors, attached hereto as Exhibit 3.

        4.      Joint Stipulation as to Certain Investor Witnesses, attached hereto as Exhibit 4.

        5.      Stipulation of the Parties as to the 2013 Press Release, attached hereto as Exhibit 9.

        6.      Because Nutra Pharma failed to file required Forms 8-K with the Commission concerning 25 issuances of unregistered stock it sold to investors in 2015, Nutra Pharma violated Exchange Act Section 13(a) and Rule 13a-11 thereunder.

---

[1] The parties agree that Exhibit 1 should be read to the jury during trial as well as Stipulation VII(6) herein. The remaining stipulations (Exhibits 2, 3, 4, and 9) will not be offered at trial.

## VIII. TRIAL WITNESSES

### A. Plaintiff's Trial Witnesses

The Commission intends to offer testimony of the following witnesses (listed below in alphabetical order on the basis of witness last name) in its case-in-chief:

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 1 | Elizabeth Baier | In Person | Ms. Baier is an SEC summary witness; her testimony will include presentation of summary charts she prepared concerning (a) Nutra Pharma's stock sales and issuances in 2015; (b) Nutra Pharma's stock prices and trading volume during 2015; and (c) payments by Nutra Pharma to Deitsch and McManus in 2015. |
| 2 | Christopher Castaldo | In Person | Mr. Castaldo was a stock promoter hired by Deitsch and Nutra Pharma; his testimony will include (a) a description of his work for Deitsch and Nutra Pharma; and (b) emails he sent to, or received from, either Deitsch and McManus about Castaldo's stock promotion and Nutra Pharma's stock price, among other topics. |
| 3 | Lanca Costa | In Person | Mr. Costa was an investor in, and consultant to, Nutra Pharma; his testimony will include communications with McManus about Nutra Pharma and its business prospects. |
| 4 | Tommy Crutchfield | In Person | Mr. Crutchfield was the owner of the snake farm from which Nutra Pharma purportedly purchased cobra venom; his testimony will include (a) a description of his historical relationship with Deitsch and Nutra Pharma; (b) a description and timeline of any expansions or upgrades to his snake farm. |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 5 | Nilesh Dalal | In Person | Mr. Dalal was an investor in Nutra Pharma; his testimony will include (a) a description of his investments in Nutra Pharma; (b) the reasons for his investments; and (c) his review of Nutra Pharma press releases at or near the time of his investments. |
| 6 | Rik Deitsch | In Person | Mr. Deitsch is a defendant; his testimony will include matters relevant to his conduct and scienter in this case, such as (a) a description of his roles and responsibilities at Nutra Pharma; (b) his communications with investors; (c) statements made by Nutra Pharma and others in press releases and public filings; and (d) his personal trading in Nutra Pharma stock. |
| 7 | Gregory Duncan | In Person | Mr. Duncan was an investor in Nutra Pharma; his testimony will include (a) a description of his investments in Nutra Pharma; (b) the reasons for his investments; and (c) his review of Nutra Pharma press releases at or near the time of his investments. |
| 8 | Michelle Durnil | In Person | Ms. Durnil was an employee of Scottrade, a broker-dealer at which Mr. Deitsch had a brokerage account; her testimony will include (a) a description of Scottrade's policies and procedures concerning manipulative trading; (b) Deitsch's purchases of Nutra Pharma stock in his Scottrade account; and (c) communications with Deitsch concerning that trading. |
| 9 | Michael Gerena | In Person | Mr. Gerena is a senior director of investigations at the Financial Industry Regulatory Authority ("FINRA"); his testimony will include (a) background on FINRA licensing requirements for brokers; and (b) McManus's regulatory history and FINRA bar. |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 10 | Walter Holdan | In Person | Mr. Holdan was an investor in Nutra Pharma; his testimony will include (a) a description of his investments in Nutra Pharma; (b) the reasons for his investments and related communications with McManus; and (c) his review of Nutra Pharma press releases at or near the time of his investments. |
| 11 | Sean McManus | In Person | Mr. McManus is a defendant; his testimony will include matters relevant to his conduct and scienter in this case, such as (a) his work for Nutra Pharma, including as an investor relations consultant; (b) solicitations of potential investors in Nutra Pharma; (c) representations to investors about Nutra Pharma and its business prospects; and (d) payments he received from Nutra Pharma. |
| 12 | Andrew Price | In Person | Mr. Price was also an employee of Scottrade; his testimony will include (a) a description of Scottrade's policies and procedures concerning manipulative trading; (b) Deitsch's purchases of Nutra Pharma stock in his Scottrade account; and (c) communications with Deitsch concerning that trading. |
| 13 | Thomas Storti | In Person | Mr. Storti was an investor in Nutra Pharma; his testimony will include (a) a description of his investments in Nutra Pharma; (b) the reasons for his investments; and (c) his review of Nutra Pharma press releases at or near the time of his investments. |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 14 | Laura Tuttle | In Person | Ms. Tuttle is the Commission's expert witness in this case; her testimony will include (a) background on penny stocks and over-the-counter markets, the role of market makers, and short-selling; (b) her opinion that Deitsch incurred considerable commission expenses when purchasing Nutra Pharma stock; (c) her opinion that Deitsch could have avoided a substantial portion of these commission expenses by consolidating his trades into a single order each day or week; and (d) her opinion that the manner in which Deitsch purchased Nutra Pharma stock was not consistent with his stated goal of wanting to buy as many shares as possible. |
| 15 | Zachary Wright | In Person | Mr. Wright was an employee of TDA, another broker-dealer at which Deitsch had a brokerage account; his testimony will include (a) a description of TDA's policies and procedures concerning manipulative trading; (b) Deitsch's purchases of Nutra Pharma stock in his TDA account; and (c) communications with Deitsch concerning that trading. |

The Commission intends to call the following witnesses for impeachment or rebuttal purposes, if necessary:

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 16 | Registrar for Florida Atlantic University ("FAU") | In Person | The FAU Registrar's testimony will include information about Deitsch's educational history, classes, and degrees sought or obtained from FAU. |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 17 | Stan Harrell | In Person | Mr. Harrell was an investor in Nutra Pharma; his testimony will include (a) a description of his investments in Nutra Pharma; (b) the reasons for his investments; and (c) communications with Nutra Pharma and its agents about his investments. |

The Commission reserves the right to call additional witnesses at the time of trial based upon the resolution of any motions *in limine*. The Commission also reserves the right to call additional witnesses at the time of trial for purposes of impeachment and/or rebuttal for good cause and after giving prompt notice to Defendants. To the extent any of the listed witnesses are unavailable to testify at trial, the Commission further reserves the right to call such witnesses to testify by deposition.

B.  Defendant Deitsch's Trial Witnesses[2]

Defendant Deitsch intends to offer testimony of the following witness in his case-in-chief:

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 1 | Erik "Rik" Deitsch | In Person | Mr. Deitsch is the Chief Executive Officer of Nutra Pharma and will testify regarding all aspects of this case, including the business of Nutra Pharma, its press releases and filings with the Securities and Exchange Commission and Mr. Deitsch's personal trading in Nutra Pharma stock. |

Defendant Deitsch intends to offer testimony of the following witnesses for rebuttal or impeachment purposes, if necessary:

---

[2] Defendants Nutra Pharma and McManus join Defendant Deitsch's list of possible trial witnesses.

12

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 1 | Erik "Rik" Deitsch | In Person | Mr. Deitsch is the Chief Executive Officer of Nutra Pharma and will testify regarding all aspects of this case, including the business of Nutra Pharma, its press releases and filings with the Securities and Exchange Commission and Mr. Deitsch's personal trading in Nutra Pharma stock. |
| 2 | Ajay Tandon | In Person or By Deposition | Mr. Tandon was the Chief Executive Officer of SeeThruEquity and will testify regarding Nutra Pharma's agreement with SeeThruEquity. |
| 3 | Gregory L. Duncan | In Person or By Deposition | Mr. Duncan is Nutra Pharma investor who will testify regarding his view of the total mix of information and disclosures made by Nutra Pharma in its press releases and SEC filings. |
| 4 | Walter A. Holdan | In Person or By Deposition | Mr. Holdan is a Nutra Pharma investor who will testify regarding his view of the total mix of information and disclosures made by Nutra Pharma in its press releases and SEC filings. |
| 5 | Tommy E. Crutchfield | In Person or By Deposition | Mr. Crutchfield is the owner of the snake farm and cobra venom producer. He will testify regarding Nutra Pharma's payment for the acquisition of cobras and the improvement to the snake farm responsible for providing some of the cobra venom used as a raw material in the production of Nutra Pharma's products. |
| 6 | Nilesh Dalal | In Person or By Deposition | Mr. Dalal is a Nutra Pharma investor who will testify regarding his view of the total mix of information and disclosures made by Nutra Pharma in its press releases and SEC filings. |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|---|---|---|---|
| 7 | Stan Harrell | In Person or By Deposition | Mr. Harrell is a Nutra Pharma investor who will testify that he did not view any disclosures made by Nutra Pharma in its press releases and SEC filings prior to investing in Nutra Pharma. |
| 8 | Douglas Hardy, M.D. | In Person or By Deposition | Mr. Hardy is a Nutra Pharma investor who will testify regarding his view of the total mix of information and disclosures made by Nutra Pharma in its press releases and SEC filings. |
| 9 | John Randall Wear | In Person or By Deposition | Mr. Wear is Nutra Pharma investor who will testify regarding his view of the total mix of information and disclosures made by Nutra Pharma in its press releases and SEC filings. |
| 10 | Steven M. Rhodes | In Person or By Deposition | Mr. Rhodes is aNutra Pharma investor who will testify regarding his view of the total mix of information and disclosures made by Nutra Pharma in its press releases and SEC filings. |
| 11 | Gary Golob | In Person or By Deposition | Mr. Golob is a Nutra Pharma investor who will testify regarding his view of the total mix of information and disclosures made by Nutra Pharma in its press releases and SEC filings. |
| 12 | Sean McManus | In Person | Mr. McManus is a principal of Patriot Settlement Resources and served as a consultant for Nutra Pharma. Mr. McManus has information regarding, among other things, the Defenses and Nutra Pharma's business. |
| 13 | Chris Sullivan | In Person | Mr. Sullivan is the representative of Nutra Pharma's Canadian distributor Nature's Clinic Inc. Mr. Sullivan has information regarding, among other things, the Defenses and Nutra Pharma's May 14, 2015 press release. |

| No. | Witness Name | In Person or By Deposition | Brief Summary of Substance of Testimony |
|-----|--------------|---------------------------|------------------------------------------|
| 14 | Representative of New Vitality | In Person | New Vitality is a marketing company that distributed Nutra Pharma's products. New Vitality has information regarding, among other things, the Defenses and Nutra Pharma's August 15, 2013 and August 29, 2013 press releases. |
| 15 | Laura Tuttle | In Person or By Deposition | Deitsch reserves the right to limit or preclude the testimony of Ms. Tuttle under *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 587, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993).  Without waiving the foregoing, Deistch reserves the right to submit testimony by deposition designation.  Ms. Tuttle is the SEC's expert witness who will testify regarding Mr. Deitsch's purchases of Nutra Pharma stock. |

    C.    <u>Defendant Nutra Pharma's Trial Witnesses</u>

See footnote 2, above.

    D.    <u>Defendant McManus's Trial Witnesses</u>

See footnote 2, above.

**IX.    DEPOSITION TESTIMONY TO BE OFFERED BY THE PARTIES**

The Commission intends to call all witnesses live.  In addition, during its case-in-chief, the Commission may introduce certain of the admissions that Defendants Deitsch and McManus made during Commission investigative testimony and their depositions in this case.  To the extent third parties who sat for depositions in this case are ultimately unavailable for trial, the Commission intends to offer portions of their deposition testimony into evidence.  These deposition designations are attached as Exhibit 5.  Exhibit 5 also includes Defendant Deitsch's specific objections and counter-designations to the Commission's proposed designations.

Defendant Deitsch intends to call witnesses live in its case-in-chief, but to the extent rebuttal witnesses who sat for depositions in this case are ultimately unavailable for trial, Deitsch intends to offer portions of their deposition testimony into evidence. These deposition designations are attached as Exhibit 7.[3] Exhibit 7 also includes the Commission's specific objections and counter-designations to the proposed designations.

In addition to the specific objections and counter-designations listed in Exhibit 7, the Commission objects to Defendant Deitsch offering deposition designation in lieu of calling live witnesses who are available for trial. It is Defendant Deitsch's position that he is entitled to have witnesses appear either live or through deposition testimony pursuant to the Federal Rules and Judge Seybert's Individual Rules and Practices.

## X.  EXHIBITS TO BE OFFERED BY THE PARTIES

### A.  Plaintiff's Exhibits

Exhibit 6 is the list of the Commission's exhibits to be offered in its case-in-chief, as well as possible impeachment or rebuttal exhibits, along with Defendants' objections. The Commission reserves the right to supplement this list with newly discovered documents and to present demonstratives or illustrative exhibits and summaries permitted by Federal Rule of Evidence 1006.

### B.  Defendant Deitsch's Exhibits[4]

Exhibit 8 is the list of Defendant Deitsch's exhibits to be offered as possible impeachment or rebuttal exhibits, along with Plaintiff's objections. Mr. Deitsch reserves the right to supplement this list with newly discovered documents and to present demonstratives or illustrative exhibits and summaries permitted by Federal Rule of Evidence 1006.

---

[3] Defendants Nutra Pharma and McManus join Defendant Deitsch's submission of testimony to be offered at trial and his deposition designations to be offered into evidence in Exhibit 7.

[4] Defendants Nutra Pharma and McManus join Defendant Deitsch's identification of exhibits to be offered into evidence as identified in Exhibit 8.

    C.    <u>Defendant Nutra Pharma's Exhibits</u>

See footnote 4, above.

    D.    <u>Defendant McManus's Exhibits</u>

See footnote 4, above.

Dated: New York, NY
       March 3, 2023                       <u>/s/ Lindsay Moilanen</u>
                                               Lindsay Moilanen
                                               Karolina Klyuchnikova
                                               Daniel Loss
                                               SECURITIES AND EXCHANGE
                                                 COMMISSION
                                               New York Regional Office
                                               100 Pearl Street, Suite 20-100
                                               New York, NY 10004
                                               (212) 336-1021 (Moilanen)
                                               MoilanenL@sec.gov

                                               *Attorneys for Plaintiff Securities and Exchange Commission*


Dated: Boca Raton, FL
       March 3, 2023                       <u>/s/ Carl F. Schoeppl</u>
                                               Carl F. Schoeppl, Esq.
                                               Kyle DeValerio, Esq.
                                               SCHOEPPL LAW, P.A.
                                               4651 North Federal Highway
                                               Boca Raton, FL 33431-5133
                                               (561) 394-8301

                                               *Attorneys for Defendant Erik a/k/a Rik Deitsch*

Dated: Coral Springs, FL
       March 3, 2023                       <u>/s/ Daniel DeSouza</u>
                                               Daniel DeSouza, Esq.
                                               DESOUZA LAW, P.A.
                                               3111 N. University Drive, Suite 301
                                               Coral Springs, FL 33065
                                               (954) 603-1340

                                               *Attorney for Defendant Nutra Pharma Corporation*

Dated: Hypoluxo, FL
       March 3, 2023　　　　　　　　　　/s/ Sean Peter McManus
　　　　　　　　　　　　　　　　　　　Sean Peter McManus
　　　　　　　　　　　　　　　　　　　320 Via Villagio
　　　　　　　　　　　　　　　　　　　Hypoluxo, FL 33462
　　　　　　　　　　　　　　　　　　　(561) 706-2990

　　　　　　　　　　　　　　　　　　　*Pro Se*